UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEONDRE C. WOODSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02064-SEB-DLP |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Leondre Woodson petitions for a writ of habeas corpus challenging

a prison disciplinary sanction imposed in the disciplinary case number ISF 18-12-0302. For the

reasons explained in this Order, Mr. Woodson's petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*,

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written

notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*,

418 U.S. 539, 563-67 (1974).

**B. The Disciplinary Proceeding**

On December 20, 2018, Indiana Department of Correction ("IDOC") Investigation and Intelligence Officer R. Evans wrote a Report of Conduct charging Mr. Woodson with conspiracy to traffic a controlled substance, a violation of the IDOC Adult Disciplinary Code A-111/113. Dkt. 7-1. The Report of Conduct States:

> The office of Investigations and Intelligence obtained actionable intelligence that visitor Christa Cate would attempt to traffic with offender Brian Lusk #166574. The trafficking even[t] would occur during a visit on 11/25/18. OII Investigators intercepted the visitor Christa Cate upon entry into the facility. 3 small packages wrapped in black electrical tape were recovered from Christa Cate. Based on information obtained during the investigation it was determined that Christa Cate would pass the contraband to offender Lusk during the visit. The investigation also determined that the contraband that was supplied to Christa Cate was arraigned (sic) by Offender Leondre Woodson #158923. Offender Woodson made arraignments (sic) for his girlfriend Carolyn Sweezer to deliver contraband to Christa Cate. The contraband confiscated field tested positive for Heroin.

*Id.*

Mr. Woodson was notified of this charge on January 3, 2019, when he received a copy of the Screening Report and pleaded not guilty. Dkt. 7-2. He asked to call Mr. Lusk as a witness and requested a copy of the Report of Investigation ("ROI") and answers to the following questions:

1. How any and all information in the conduct report was obtained; audio recordings; video surveillance, offender statements, staff statements, visitor statements, etc.

2. How did I conspire with specifically Brian Lusk #166574 to traffick?

3. How/when did I give orders to Carolyn Sweezer to supply Christa Cate with contraband?

4. How and what arrangements did I make for contraband to be supplied to Christa Cate and/or trafficked into the prison?

*Id.*

In lieu of live testimony, Mr. Lusk provided the following written statement: "Woodson had nothing to do with my situation. I did it on my own. I don't know why he was implicated in this with me but on his behalf it is unfair and unjust and he shouldn't be found guilty of this write-up." Dkt. 7-5.

Mr. Woodson was not permitted to review the ROI because it was confidential, but a copy was provided to the hearing officer. *Id.* A copy was also filed as a confidential ex parte exhibit in this Court. Dkt. 8. The first half of the ROI is reproduced in the Report of Conduct verbatim. *Id.*; Dkt. 7-1. The second half provides details about how the officers discovered the conspiracy to bring heroin into the facility and additional information linking Mr. Woodson to that conspiracy. Dkt. 8.

A disciplinary hearing was held on January 10, 2019. Dkt. 7-4 at 1. Mr. Woodson told the hearing officer in a written statement that he was not knowingly involved in the conspiracy and had unwittingly allowed Mr. Lusk to use his phone line to make three-way calls with his family and friends. Dkt. *Id.* at 2. The hearing officer considered Mr. Woodson's statement, the Report of Conduct, and the ROI and found him guilty. *Id.* at 1. He received a 180-day deprivation of earned credit time and a demotion in credit class. *Id.*

Mr. Woodson appealed his conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 7-6 and 7-7. These appeals were denied. *Id.* Mr. Woodson then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Woodson's petition lists two grounds for relief, which the Court restates as: (1) he was denied the right to present exculpatory evidence when he was denied a copy of the ROI and

answers to his four questions; and (2) the Report of Disciplinary Hearing was not signed by the superintendent.

### 1. The Right to Present Exculpatory Evidence

Prisoners have a limited right to present witnesses and evidence in their defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). Prison officials are not "required to allow the presentation of evidence that could threaten institutional safety or correctional goals" *Scruggs*, 485 F.3d at 940.

Prison officials did not violate Mr. Woodson's right to present exculpatory evidence by denying his request for a copy of the confidential ROI. The Court has reviewed the ROI ex parte and determined that it is not exculpatory. To the contrary, it provides additional evidence linking Mr. Woodson to the conspiracy. The ROI therefore does not implicate Mr. Woodson's right to exculpatory evidence.

Regarding the list of questions Mr. Woodson wanted to ask the hearing officer, prison officials were not required to provide him with this information because they had legitimate security reasons for withholding their methods of investigation. Furthermore, it is well-established that prisoners do not have the right to confront and cross-examine witnesses at a prison disciplinary hearing. *See Wolff*, 418 U.S. at 567-68; *Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976) (prison officials do not need to justify denying a prisoner's request to confront and cross examine witnesses). Finally, the answers to Mr. Woodson's questions would not have led to exculpatory evidence. Mr. Woodson's request for relief on this ground is **denied**.

**2. The Superintendent's Signature**

Mr. Woodson argues that his due process rights were violated because the Report of Disciplinary Hearing was not signed by the superintendent of his facility, as required by IDOC policy. A violation of IDOC policy during a disciplinary proceeding is not a basis for habeas relief unless it overlaps with one of the due process rights outlined in *Wolff* and *Hill*. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to prison disciplinary proceeding because the petitioner challenged alleged departures from procedures outlined in the prison handbook that had no bearing on his right to due process).

Due process does not require that the hearing officer's written statement be signed by the superintendent of the inmate's facility, and Mr. Woodson's request for relief on this ground is **denied**.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **denied** and the action dismissed.

**IT IS SO ORDERED**.

Date:
03/18/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

LEONDRE C. WOODSON
158923
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov